IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRANSPERFECT TRANSLATIONS, INC., | § § § | |
| Plaintiff, | § § § | |
| V. | § | CIVIL ACTION NO. 4:08-CV-03499 |
| | § § § | |
| BRETT J. LESLIE, | § § | |
| Defendant. | § § | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
APPLICATION FOR PRELIMINARY INJUNCTION**

Plaintiff TransPerfect Translations, Inc. ("TransPerfect") submits this memorandum in support of its application for a preliminary injunction.

**I.
PRELIMINARY STATEMENT**

Defendant Brett J. Leslie ("Leslie") entered into an enforceable bilateral contract with TransPerfect in which TransPerfect promised to provide confidential information to Leslie in exchange for Leslie's agreement to keep that information confidential and not to compete with TransPerfect—under certain conditions—following the conclusion of his employment. Despite the existence of this enforceable agreement, Defendant now seeks to avoid his contractual obligations by stating that the Confidentiality Agreement (the "Agreement")[1] is somehow illusory. This argument ignores well-settled Texas law regarding the enforceability of non-competition agreements.

---

[1] A copy of the Confidentiality Agreement is attached hereto as Exhibit A and fully incorporated herein by reference.

195933

Leslie's argument is based on an unreported 2004 case from the Southern District of New York refusing to enforce a previous non-compete entered into by a sister company of TransPerfect which relies upon Texas law that is no longer authoritative on the issue of whether such an agreement contains binding promises on the part of TransPerfect. Indeed, recent Texas case law makes it clear that TransPerfect did make a binding promise to provide confidential information to Leslie, that said promise is not illusory, and that, as such, the non-competition provision is valid and enforceable.

Even if Leslie could somehow establish that no binding promise was made in the Agreement—which he cannot—TransPerfect's subsequent provision of confidential information (along with Leslie's promise to maintain confidentiality and not to compete contained in the Agreement) created a unilateral contract and makes the non-compete binding under new Texas law that arose after the New York decision. In either event, one inescapable fact remains—the Agreement is valid and enforceable and Leslie must uphold his contractual duties.

For these reasons, TransPerfect is entitled to a preliminary injunction maintaining the *status quo* and preventing Leslie from continuing employment with Merrill Brink International ("Merrill")—Leslie's new employer and a direct competitor of TransPerfect—until a full trial on the merits can be had on TransPerfect's request for a permanent injunction.

## II.
## FACTUAL BACKGROUND

On July 10, 2006, Leslie commenced employment with TransPerfect. Because Leslie required access to confidential business information in order to properly execute his duties for TransPerfect, Leslie executed the Agreement with TransPerfect upon his

195933

hiring. The Agreement obligated TransPerfect to provide Leslie with sensitive and confidential business information for use during his employment as follows:

> [u]pon execution of this Agreement TransPerfect will have to disclose, and may have already disclosed, to [Leslie] certain Confidential Information . . . The Confidential Information is not generally known to others and could have economic value if disclosed to others and/or used by [Leslie], directly or indirectly in competition with TransPerfect. [Leslie] has a duty, both contractual and otherwise, to keep secret and confidential the Confidential Information.

*Id.* at 1.

In return, the Agreement required Leslie to keep TransPerfect's confidential information secret and confidential during employment and for so long after employment as TransPerfect treats such information as confidential.[2] Additionally, the Agreement provided that Leslie would not:

> while employed by TransPerfect and for a period of one year immediately following termination of [Leslie's] employment: . . . compete with the TransPerfect Business in any activities involved in the provision of goods or services in competition with the Business. . . . The restrictions of this paragraph 8 and all of its subparagraphs apply only to products and services that are competitive with the products and services of the TransPerfect Business and only in the states in which TransPerfect maintains U.S. Offices or in the countries in which TransPerfect maintains Foreign Offices at the time [Leslie's] employment was terminated.[3]

Finally, Leslie expressly consented to an injunction to prevent a threatened breach of the non-compete, confidentiality or non-solicitation provisions in his Confidentiality Agreement:

---

[2] *See* Exhibit A at ¶¶ 5–6.

[3] *See id.* at ¶ 8.

195933

> [Leslie] acknowledges damages to TransPerfect will be difficult to determine if [Leslie] breaches this Agreement. ***The injury to TransPerfect's goodwill, customer relations, and other business interests will be largely irreparable and continual, and legal remedies to TransPerfect will be largely inadequate.*** Therefore, [Leslie] agrees that TransPerfect is entitled to injunctive relief (temporary, preliminary and permanent) and any other equitable relief available to protect TransPerfect, in addition to all permissible legal remedies and damages to redress such a breach.[4]

Despite his express promise not to compete with TransPerfect for a period of one year following the termination of his employment, on or about November 17, 2008, Leslie voluntarily resigned from TransPerfect to take a position with Merrill. Merrill also provides translation services and is a direct competitor of TransPerfect. In his resignation letter, Leslie informed TransPerfect that he intended to "sell" for Merrill in its Chicago office and that his new job would commence on December 1, 2008.

### III.
### ARGUMENT AND AUTHORITIES

For a non-compete agreement to be enforceable, it must be supported by consideration. *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651 (Tex. 2006). The enforceability of a covenant not to compete is a question of law for the Court to decide. *Light v. Centel Cellular Co.*, 883 S.W.2d 642, 647 (Tex. 1994).

Section 15.50 of the Texas Business and Commerce Code ("Section 15.50") provides that:

> a covenant not to compete is enforceable if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made to the extent that it contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not

---

[4] *See id.* at ¶ 11 (emphasis added).

195933

> impose a greater restraint than is necessary to protect the goodwill or other business interest of the promise.

TEX. BUS. & COM. CODE § 15.50(a). For a covenant not to compete to be "ancillary to or part of" an otherwise enforceable agreement, two conditions must be met: (1) the consideration given by the employer in the otherwise enforceable agreement must give rise to the employer's interest in restraining the employee from competing, and (2) the covenant must be designed to enforce the employee's consideration or return promise in the otherwise enforceable agreement. *Sheshunoff*, 209 S.W.3d at 648; *Light*, 883 S.W.2d at 647.[5]

### A. An "Otherwise Enforceable Agreement" Exists to Support a Covenant Not to Compete

The first inquiry with regard to whether the covenant not to compete found in the Agreement is enforceable is whether an "otherwise enforceable agreement" existed. It is beyond dispute that Leslie made at least two (2) enforceable promises in the Agreement: (1) a promise to maintain the confidentiality of any confidential information provided to him by TransPerfect, and (2) a promise not to compete with TransPerfect following the conclusion of his employment.[6]

The only question which remains is whether TransPerfect gave sufficient consideration under Section 15.50 to make these promises enforceable. The clear and unambiguous language of the Agreements establishes that TransPerfect made either an express or implied promise to provide confidential information to Leslie, either of which

---

[5] At the November 26, 2008 hearing on TransPerfect's application for a temporary restraining order, this Court indicated that it was aware of applicable Texas law concerning reasonableness of time, geographic and scope restrictions on covenants not to compete. For this reason, and because Section 15.51 of the Texas Business and Commerce Code instructs the Court to reform the non-compete in the event it is found unreasonable, this memorandum will not address the reasonableness inquiry. Should the Court should later request such briefing, however, TransPerfect will certainly oblige.

[6] *See* Exhibit A at pp.1-2.

195933

created an enforceable bilateral contract. At the very least, an enforceable unilateral contract was formed by TransPerfect's subsequent provision of confidential information during Leslie's employment.

### 1. TransPerfect Made an Express Promise Which Created an Enforceable Bilateal Contract

In determining the existence of an otherwise enforceable agreement, the Court should look only to the promises between the parties that are not illusory and are thus capable of serving as consideration for an agreement. *Light*, 883 S.W.2d at 645-46. Where an employer expressly promises to provide specialized training involving confidential or proprietary information and the employee promises not to disclose any of the confidential or proprietary information so provided, an enforceable agreement exists. *See Light*, 883 S.W.2d at 647-48 n.14;[7] *see also Houston Solvents & Chems. Co. v. Montealegre*, No. 14-98-00612-CV, 1999 Tex. App. LEXIS 2881 at *10 (Tex. App.—Houston [14th Dist.] Apr. 15, 1999, no pet.).[8]

In the Agreement in the instant case, TransPerfect made the following express promise: "[u]pon execution of this Agreement TransPerfect **will have to disclose, and may have already disclosed**, to [Leslie] certain Confidential Information."[9] This clear and unambiguous language demonstrates that TransPerfect was obligated to provide such confidential information. Because the language is mandatory, TransPerfect had no

---

[7] *Light* was overruled on other grounds by *Sheshunoff*, 209 S.W.3d at 650. Specifically, *Light's* finding that an agreement that was unilateral when created could not support a covenant not to compete was rejected by the *Sheshunoff* court, which found that a promisor's subsequent performance could create a sufficiently enforceable contract. *Id.* This issue will be further discussed in Section III(B), below, as it relates to TransPerfect's alternative argument that a binding unilateral contract was formed in this case.

[8] A true and correct copy of this case is attached hereto as Exhibit A for the Court's convenience. While neither *Light* or *Montealegre* featured covenants that contained such an express promise, both courts indicated that such a promise would certainly create an enforceable contract.

[9] *See* Exhibit A at p.1 (emphasis added).

discretion on the issue, and thus it cannot be illusory. *See Light*, 883 S.W.2d at 647-48 n.14; *Montealegre*, 1999 Tex. App. LEXIS 2881 at *10; *compare with Hardy v. Mann Frankfort Stein & Lipp Advisors, Inc.*, No. 01-05-01080-CV, 2007 Tex. App. LEXIS 3442 at *25-29 (Tex. App. Houston 1st Dist. May 3, 2007) (finding that no binding promise to provide confidential information was made because in the agreement the employer did not affirmatively state it would provide confidential information, and merely required that the employee could not reveal any such information should he ever receive it).[10]

Because the promise is not illusory, it is binding on TransPerfect and provides adequate consideration for Leslie's return promises to maintain such confidentiality and not to compete. *See Light*, 883 S.W.2d at 647-48 n.14; *Montealegre*, 1999 Tex. App. LEXIS 2881 at *10. Consequently, an enforceable agreement exists to support a non-compete.

### 2. Alternatively, TransPerfect Made an Implied Promise Which Created an Enforceable Bilateal Contract

Even if the unambiguous language of the Agreement did not conclusively establish the existence of an express (and non-illusory) promise to provide confidential information, Texas case law dictates that the Agreement contains an implied promise that will still support an enforceable contract. *See Beasley v. Hub City Texas, L.P.*, No. 01-03-00287-CV, 2003 Tex. App. LEXIS 8550 Tex. App.—Houston [1st Dist.] Sept. 29, 2003, no pet.) (mem. op.).[11]

In *Beasley*, the court found that:

---

[10] A true and correct copy of this case is attached hereto as Exhibit B for the Court's convenience.
[11] A true and correct copy of this case is attached hereto as Exhibit C for the Court's convenience.

195933

> [i]n section 4(a) of the [non-compete], Beasley acknowledged 'that, by virtue of [his] employment by [the employer], [he] *will be granted* otherwise prohibited access to confidential and proprietary data of the [the employer] … which information is not known to competitors of [the employer] or [its] respective affiliates, or otherwise.'

*Id.* at *16 (emphasis in original). The court determined that this constituted an implied promise to provide confidential information, and that the employee's return promise not to disclose said information created an enforceable agreement. *Id.* at 16-17.

In the instant case, the clear and unambiguous terms of the Agreement provide that Leslie acknowledges that TransPerfect "*will have to disclose* … to Employee certain Confidential Information."[12] This language nearly mirrors that found to be sufficient in Beasley. *Id.* at *16-17. At the very least, then, this language constitutes an implied promise sufficient to form an enforceable agreement.

### 3. Leslie Has No Valid Basis to Claim That No Enforceable Agreement Exists

Leslie has previously indicated that he intends to rely on an unreported 2004 opinion issued by the Southern District of New York[13] as a basis for arguing that no enforceable agreement exists. Such an argument must fail, however, because—in addition to the fact that this opinion constitutes at most merely persuasive authority—that court either was not aware of or refused to consider well-settled Texas law on this issue.

In the *Merrill* case, the Southern District of New York, applying Texas law, rejected a TransPerfect non-compete which is nearly identical to the one at issue in this lawsuit. In doing so, the court found that the only consideration given for the non-

---

[12] *See* Exhibit A at p. 1.

[13] *TransPerfect Translations Int'l, Inc. v. Merrill Corp.*, 03 Civ. 10146, 2004 U.S. Dist. LEXIS 24014 (S.D.N.Y. Nov. 29, 2004) (the "*Merrill* case"). A true and correct copy of this case is attached hereto as Exhibit D for the Court's convenience.

compete was TransPerfect's promise to employ Brian Sennett. *Id.* at 10-11. As Sennett was an at-will employee, the court found such a promise to be illusory and unenforceable. *Id*.

While TransPerfect agrees that a mere promise of at-will employment is not sufficient consideration for a non-competition agreement under Texas law, that is not the promise on which it relied in that case (or the instant one, for that matter). While the *Merrill* court acknowledged TransPerfect's argument that the confidentiality agreement also contained an express promise to provide confidential information, the court dismissed this argument without citation to any Texas case and without substantive analysis. *Id.* at 12-14. Indeed, the Court merely indicated that it believed this not to be an actual promise, and instead to be a recitation of "the process by which Sennett would come into possession of the Confidential Information"—again, without citation to any case to support such a finding. *Id.* at 12. Finally, the court stated that even if this constituted a promise, it was illusory because it relied on Sennett's continued employment, and such employment was at TransPerfect's sole discretion due to the at-will status. *Id.* at 13-14. [14]

The court's analysis of the confidentiality agreement in the *Merrill* case clearly does not comport with Texas law. As previously explained, when a confidentiality agreement provides in mandatory terms that an employer will give confidential information to the employee, this forms a binding, non-illusory promise which, along with the employee's return promise not to compete, creates an enforceable agreement. *See, e.g., Light*, 883 S.W.2d at 647-48 n.14; *Montealegre*, 1999 Tex. App. LEXIS 2881 at

---

[14] In addition to the reasons discussed herein, this particular finding by the *Merrill* case must fail because it relies on Texas case law that is no longer valid in light of the Texas Supreme Court's decision in *Sheshunoff*. 209 S.W.3d at 650. This issue will be discussed in detail in Section III(B), below.

195933

\*10; *Beasley*, 2003 Tex. App. LEXIS 8550 at \*16-17; *compare with Hardy*, 2007 Tex. App. LEXIS 3442 at \*25-29. Furthermore, Texas courts have explicitly found that such promises are not illusory because they are binding at the moment made, and thus do not rely on continued employment. *See id*. As such, the *Merrill* court's unsupported contentions to the contrary cannot withstand scrutiny, and that case should not even be considered to be persuasive authority.

**B.  In Any Event, An Enforceable Contract Was Created By TransPerfect's Subsequent Provision of Confidential Information to Leslie**

Even if Leslie could somehow succeed in establishing that the *Merrill* court appropriately found that no enforceable promise was made in the Agreement, that court's finding that any such promise was illusory is no longer valid under Texas law. While TransPerfect agrees that *Light* (which was cited by the *Merrill* court in its opinion) formerly required the "otherwise enforceable agreement" to actually be enforceable at the time it was entered, that decision has since been overruled b the Texas Supreme Court.

In *Sheshunoff*, the Supreme Court revisited its earlier opinions with regard to the issue of when an agreement must be "enforceable" in order to satisfy the requirements of Section 15.50. 209 S.W.3d at 649. Prior to *Sheshunoff*, Texas courts interpreted this language to mean that the agreement had to be enforceable "at the time it was made." *Id*. The *Sheshunoff* court further stated that:

> If only one promise is illusory, a unilateral contract can still be formed; the non-illusory promise can serve as an offer, which the promisor who made the illusory promise can accept by performance. For example, suppose an employee promises not to disclose an employer's trade secrets and other proprietary information, if the employer gives the employee such specialized training and information during the employee's employment. If the employee merely sought a promise to perform from the employer, such a promise would be illusory because the employer could fire

195933

> the employee and escape the obligation to perform. If, however, the employer accepts the employee's offer by performing, in other words by providing the training, a unilateral contract is created in which the employee is now bound by the employee's promise. The fact that the employer was not bound to perform because he could have fired the employee is irrelevant; if he has performed, he has accepted the employee's offer and created a binding unilateral contract.

*Id.* at 649-50.

In reaching this conclusion, the Supreme Court found that in such circumstances, "the non-illusory promise can serve as an offer, which the promisor who made the illusory promise can accept by performance." *Id.* at 650. The Supreme Court then disagreed with *Lighs* "insofar as it precludes a unilateral contract made enforceable by performance from ever complying with [Section 15.50] because it was not enforceable at the time it was made." *Id*.

Essentially, the *Sheshunoff* court found that even a non-binding, illusory promise to provide confidential information that was dependant on continued employment in an a-will situation could still create an "otherwise enforceable agreement" sufficient for Section 15.50 so long as the employer ultimately performed its once-illusory obligations (by providing the confidential information). *See id*.

There can be no dispute in this case that TransPerfect actually provided Leslie with confidential information during his employment.[15] As such, even if the mandatory language of the promise to provide confidential information found in the Agreement did not already constitute a binding, non-illusory promise, TransPerfect's subsequent provision of such information to Leslie created a binding unilateral contract sufficient to

---

[15] *See* Affidavit of Kevin Obarski, attached as Exhibit 1 to TransPerfect's Verified Original Petition and Application for Injunctive Relief (Ex. A to Dkt. #1), at ¶¶ 6-17, 20-22.

satisfy Section 15.50. *See id*. Specifically, under *Sheshunoff's* analysis Leslie's non-illusory promise to maintain the confidentiality of such information "serves as an offer" which TransPerfect accepted by performance (the provision of confidential information).

As soon as TransPerfect did so, a binding unilateral contract was formed, meeting Section 15.50's requirement that an "otherwise enforceable agreement" exists. Consequently, the *Merrill* court's finding that any promise to provide confidential information made by TransPerfect was illusory and could not support an enforceable agreement is no longer valid under Texas law. Indeed, the only determination that can be made on these facts is that an enforceable agreement existed.

**C.     The Covenant Not to Compete is "Ancillary" to the Otherwise Enforceable Agreement**

Regardless of how the agreement becomes enforceable, once it has been established, TransPerfect must demonstrate that the covenant not to compete is "ancillary" to that agreement. TEX. BUS. & COM. CODE § 15.50(a). For a covenant not to compete to be "ancillary to or part of" an otherwise enforceable agreement, two conditions must be met: (1) the consideration given by the employer in the otherwise enforceable agreement must give rise to the employer's interest in restraining the employee from competing, and (2) the covenant must be designed to enforce the employee's consideration or return promise in the otherwise enforceable agreement. *Sheshunoff*, 209 S.W.3d at 648; *Light*, 883 S.W.2d at 647.

Texas courts have routinely found that an express or implied promise to provide confidential information gives rise to the employer's interest in restraining competition. *See, e.g., Light*, 883 S.W.2d at 647-48 n.14; *Montealegre*, 1999 Tex. App. LEXIS 2881 at *10; *Beasley*, 2003 Tex. App. LEXIS 8550 at *16-17. Indeed, the provision of such

195933

information is the very reason why the employer seeks to restrain competition. Additionally, as the employee's consideration is the return promise not to disclose the information, the only manner in which an employer can enforce this promise is to restrain competition. Consequently, Texas courts treat such covenants not to compete as ancillary to the enforceable agreement in accordance with Section 15.50. *See id*.

The facts in the instant case fall perfectly within this scenario. TransPerfect promised to provide—and thereafter did provide—confidential information, and in exchange Leslie promised not to disclose that information and not to compete with TransPerfect upon the termination of his employment.[16] TransPerfect's provision of confidential information gave rise to its interest in restraining competition, and the non-compete is the vehicle for enforcing Leslie's return promise not to disclose the information. As such, the covenant not to compete in the Agreement is ancillary to an otherwise enforceable agreement.

## IV. CONCLUSION

TransPerfect's mandatory, express promise to provide confidential information satisfies Section 15.50's requirement that an "otherwise enforceable contract" exist. Even if that were not the case, the Agreement contains either an implied promise which accomplishes the same purpose, or a binding unilateral contract was created once TransPerfect actually provided confidential information to Leslie. In any event, an enforceable agreement existed, and the covenant not to compete was ancillary to that agreement pursuant to Section 15.50. Consequently, the non-compete is enforceable under Texas law.

---

[16] *See* Exhibit A at pp. 1-2.

195933

                Respectfully submitted,

                s/ Jerry L. Mitchell
                Jerry L. Mitchell
                Southern District I.D. No. 12653
                State Bar No. 14214650
                KASOWITZ, BENSON, TORRES &
                FRIEDMAN LLP
                700 Louisiana Street, Suite 2200
                Houston, Texas 77002
                (713) 220-8800
                Fax: (713) 222-0843

                ATTORNEY-IN-CHARGE FOR
                DEFENDANT CAPGEMINI U.S. LLC

OF COUNSEL:

J. Arthur Prestage
State Bar No. 16267700
J. Michael Wilson
State Bar No. 24047125
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
700 Louisiana Street, Suite 2200
Houston, Texas 77002
(713) 220-8800
Fax: (713) 222-0843

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure, on this the 4th day of December, 2008.

                s/ Jerry L. Mitchell
                Jerry L. Mitchell

195933